*Supreme Court, Pennsylvania.*

## FELLOWS' APPEAL.

The title of a trustee under a deed of trust is complete and irrevocable by the settler, although the transaction be purely voluntary. Nor does the fact that the grantor reserved an interest during life in the proceeds of the property, and gave a future benefit to other persons named, give an implied right of revocation. It controverts no rule or policy of law, but executes the intention of the grantor.

Frederick's Appeal, 2 P. F S. 338, distinguished.

Appeal from the Court of Common Pleas of Luzerne county.

This was a bill in equity by Joseph Fellows et. al., heirs at law of Joseph Fellows, deceased, against John Heermans et al. The case was heard on bill and answer, and the bill dismissed by Judge Handley, which is assigned for error. The facts of the case are sufficiently set out in the opinion of the Supreme Court *seq.*

Opinion by MERCUR, J.    October 6th, 1879.

This bill was filed by some of the heirs at law of Joseph Fellows, deceased. It prayed the court to decree that certain instruments in writing, executed by said Fellows, and dated respectively the 3d, 10th and 15th of October, 1868, had been duly revoked, and became null and void. The case was heard on bill and answer, and the bill was dismissed. So far as the present inquiry is concerned, all these writings may be considered as parts of one instrument. The first is a deed, whereby Mr. Fellows conveyed all his real and personal estate, situate in eight different States named, in trust to John Heermans, his heirs and assigns forever, in consideration of the grantor's infirmities of advanced age, and of one dollar to him in hand paid. It contains a proviso that the grantee shall sell the lands therein conveyed, by retail, for the best prices obtainable, and convey the same in fee simple to the purchasers, with covenants of warranty binding Fellows' heirs to warrant and defend the title thereto ; that the avails of the real and personal estate shall be paid, distributed and disposed of as follows : During Mr. Fellows' life all moneys shall be paid over to him ; afterwards they shall be applied, first, to the

payment of his debts and the expenses of this trust, and the residue to be distributed as may be directed in a writing to be thereafter executed by him, or in default thereof then said residue be distributed to his heirs, according to the laws of the State of New York. The instrument of October 10th is also a deed, substantially a repetition of the first, with additional directions to the grantee to rent the lands until they can be sold. The third instrument refers to the deed of October 10th, and states it to be the supplementary writing therein mentioned, to be executed for the purpose of directing distribution of the funds. It confirms the preceding deed, and orders distribution. First, the payment of certain annuities ; second, of the conveyance of specific parts of the real estate to certain persons in fee, and the rent due for the use of the same to be remitted. Also to his brother and his wife, or the survivor of them, the use of a certain house and lot during their natural lives ; third, the residue of the avails of the real and personal estate to be equally divided among his nephews and nieces named. There is no power of revocation reserved in either of the deeds. It is not shown that either of these conveyances was procured by fraud or unfair dealings. They appear to have been the result of the deliberate judgment and unconstrained will of Mr. Fellows. The trust was accepted and acted upon by the appellee.

The title of a trustee under a deed of trust is complete and irrevocable by the settler, although the transaction be purely voluntary : Hill on Trustees, *82. Nor does the fact that the grantor reserved an interest during life in the proceeds of the property, and gave a future benefit to other persons named, give an implied right of revocation : Reese et al. v. Reith, 13 S. & R. 432 ; Eckman v. Eckman, 18 P. F. Smith, 460. It controverts no rule nor policy of law, but executes the instruction of the grantor : Lewin on Trusts, 137.

In December, 1868, and again in January, 1879, Mr. Fellows executed an instrument of writing, purporting to revoke the deeds of trust and the order of distribution. He

afterwards instituted proceedings in equity in the Common Pleas of Luzerne county against John Heermans and Edward Heermans, to set aside the deeds of the 10th and 15th of October, 1868, respectively, and a like proceeding against John Heermans in the Supreme Court of the State of New York. In June, 1871, an agreement under seal, duly acknowledged, was entered into between Fellows, of the one part, and John Heermans and Edward Heermans, of the other part, reciting the commencement of said actions, and stating that, in the one commenced in the State of New York, a judgment had been rendered and affirmed, sustaining the validity of said deeds; and whereas, the litigation was involving the estate in large and unnecessary expense and waste, therefore, in consideration of the premises, and also of the sum of one hundred dollars paid by the parties of the second part to Fellows, it was agreed that the said action be forthwith discontinued, and that " said John Heermans shall forthwith take possession of the property and effects conveyed by said deeds, and of all the books and papers relating thereto, and enter upon and perform all the powers and duties granted to and vested in him, the said Heermans, by said deeds; hereby revoking any and all instruments that said Fellows has heretofore executed, which are inconsistent with or repugnant to this agreement, or to the execution and performance by the said Heermans, of the trusts, powers and duties required of him by said deeds." · This was also followed by another instrument, under seal, executed by said Fellows, and duly acknowledged, dated the 1st of July, 1871, in which he declared that his instrument of revocation, executed in December, 1868, and recorded, · was made under a misapprehension, and did not express his true wishes and intentions, which were really expressed in his deeds to John Heermans, and thereupon said Fellows revoked, annulled and withdrew the said instrument of revocation, and declared the same to be void and of no effect, to the intent that the said deeds to John Heermans should have full force and effect, and that he be no further hindered or impeded in the due execution of the powers and duties intrusted to him therein. In September following, Fellows made and

executed his last will and testament, and appointed John Heermans and Ebenezer Leech, executors thereof in respect to his real and personal property in the State of Pennsylvania, and directed to be made in fulfilment of contracts deeds for the sale of lands in said State on payment of the purchase money. The money so paid he directed to be applied in payment of debts due by him, and the residue to be disposed of according to the provisions of a separate paper to be executed by him. It does not appear that such separate paper was ever executed.

The withdrawal in 1871 of the attempted revocation of the trust deeds made to Heermans, is so clear, express and unequivocal, as to admit of no doubt in regard to the intention of Mr. Fellows. He used no language indicating that he considered or intended them to be letters of attorney or instruments of testamentary character. He designated them as "deeds," and declared they "should have full force and effect," and that Heermans should be no further hindered or impeded in the due execution of all the powers therein given to him. If doubt existed before as to the irrevocable character of these deeds, the compromise of the suit brought to revoke them removed that doubt. The payment to him of the one hundred dollars, and his agreement in consideration thereof, show a clear ratification and confirmation that they conveyed the legal estate in fee for the purposes of the trust therein declared.

It is claimed by the appellants that the deeds executed in October, 1868, are testamentary in their character, under the authority of Fredericks' Appeal, 2 P. F. Smith, 338. We think that case distinguishable from the present in many particulars. The deeds in the present case show a clear intent to take effect immediately. In that case the deed declares, "this conveyance in no way to take effect until after the decease of the said John Scott, the grantor." The controlling effect of these words is pointed out by the present Chief Justice, in Eckman vs. Eckman, *supra*. This last case, we think, fully sustains the conclusion that the deeds in question were not revocable by the settler. Heermans so claimed. The suit commenced by Fellows was to test the validity of that claim. Conceding it was doubtful, the compromises of the suit settled the question in favor of Heermans' view. The instruments therefore became fixed and irrevocable.

Decree affirmed, and appeal dismissed at the costs of the appellant.—*Intelligencer.*